**UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF FLORIDA**
*Fort Lauderdale Division*

In re:

**DEBORAH ELISE LIPPMANN,**

    Debtor**.**
_____/

**SERENE INVESTMENT
MANAGEMENT LLC**,

    Plaintiff,

v.

**DEBORAH ELISE LIPPMANN**,

    Defendant.
_____/

CASE NO. 23-18448-PDR

Chapter 7

Adversary Proceeding
Case No.

**COMPLAINT FOR DAMAGES AND DETERMINATION OF
NON-DISCHARGEABILITY OF DEBT**

Plaintiff, Serene Investment Management LLC ("Plaintiff" or "Serene"), through its counsel, David R. Softness, Esq. and the law firm of David R. Softness, P.A. (together "DRSPA"), as and for its complaint against Defendant/Debtor, Deborah Elise Lippman ("Lippmann" of "Defendant") for a money judgment, and a determination that the money judgment is non-dischargeable, and avers as follows:

## **JURISDICTION, VENUE and PARTIES,**

1. The relief sought in this Complaint arises under the Bankruptcy Code – including – without limitation – 11 U.S.C. 523, et al., and/or arises in this Bankruptcy Case (the "Bankruptcy"), within the meaning of 28 U.S.C. § 157(b)(1).

2. This proceeding is a core proceeding pursuant to 28 U.S.C. § 157(b)(2)(A), and (I) and thus, the Bankruptcy Court is authorized to enter final orders and judgments in this proceeding.

3. The Bankruptcy Court has jurisdiction over this proceeding pursuant to 28 U.S.C. §§ 1334 and 157(b)(2)(I), 11 U.S.C. §§ 523, and Rules 7001(1) et seq of the Federal Rules of Bankruptcy Procedure.

4. Venue of this proceeding in this District is proper pursuant to 28 U.S.C. § 1409(a).

5. Plaintiff is a California limited liability company which owns and is entitled to enforce certain debts against – without limitation – the Defendant.

6. Lippmann Enterprises, LLC (the "LLC") is (or was) a Delaware limited liability company with a principal place of business in New York. The LLC is the primary obligor on the obligations to Plaintiff. The LLC's sole business, on information and belief, was the sale of manicure and related products using the trade name Deborah Lippmann.

7. The Defendant is an individual, who purportedly is domiciled in Florida.

8. The Defendant is – or at all relevant times was - an owner and in control of the LLC, and a guarantor of its debts to Serene.

Main Case No. 23-18448-PDR
**Adversary Proceeding**
**Case No.**
Complaint
Page 3 of 9

## BACKGROUND FACTS

9. In December 2018, Bank of America (the "Bank") made a loan to the LLC (for ease, the "Loan" and the "Debt").

10. In connection with the Loan, the LLC entered into a Security Agreement ("Security Agreement") which granted a security interest in all personal property of the LLC including inventory and accounts receivable.

11. The Security Agreement also granted to the Bank a security interest in its general intangibles.

12. The Security Agreement – upon default, allowed the Bank to:

[u]se or transfer any of [the LLC's] rights and interests in any Intellectual Property now owned or hereafter acquired by the Pledgor, if the Bank deems such use or transfer necessary or advisable in order to take possession of, hold, process, assemble, prepare for sale or lease, market for sale or lease, sell or lease, or otherwise dispose of any Collateral. . . . As used in this paragraph, "Intellectual Property" includes service marks, trademarks, trade names, trade styles, copyrights, patents, . . . in which the pledgor has any right or interest, whether by ownership, license, contract or otherwise.

13. Defendant and her husband Jude Severin ("Severin") unconditionally guaranteed the Loan (for ease, the "Guaranty").

14. The LLC repeatedly defaulted under the terms of the Loan.

15. As a result, the parties re-negotiated the Loan several times, including in March 2019, September 2020, and April 2021.

16. In April 2022, Serene purchased the Loan from Bank of America (the "Sale") and became the owner of the Loan.

Case 24-01281-PDR    Doc 1    Filed 05/17/24    Page 4 of 9

Main Case No. 23-18448-PDR
**Adversary Proceeding**
**Case No.**
Complaint
Page 4 of 9

17. In connection with the Sale, Serene relied on representations by the Defendant regarding the assets of the LLC and the value of those assets.

18. At or about the time of the Sale, the Defendant acknowledged the Sale and her ongoing liability under the Guaranty.

19. The LLC defaulted on the Loan again in November 2022.

20. On November 11, 2022, Serene gave written notice of the default to the LLC and the Defendant (the "Default Notice").

21. The LLC and the Defendant ignored the Default Notice.

22. On November 23, 2022, Plaintiff delivered to the LLC and Defendant a written Notice of Acceleration and Turnover of Collateral (the "Acceleration Notice").

23. The LLC and the Defendant ignored the Acceleration Notice.

24. On February 21, 2023, Serene conducted a UCC Sale (the "UCC Sale") of all of the LLC collateral, and by virtue of its "credit bid", became the owner of all of the LLC's assets, including – without limitation – its inventory, accounts receivable, and "all general intangibles , including but not limited to all intellectual property which may include, but is not limited to "deborahlippmann.com and the trade name "Deborah Lippmann".

25. The LLC and the Defendant ignored the UCC Sale.

26. Subsequent to the delivery of the Default Notice, the Acceleration Notice and the UCC Sale, Defendant, her husband, Jude Severin, and the LLC have collected the LLC's accounts receivables, sold its inventory, and transferred, attempted to

Case 24-01281-PDR Doc 1 Filed 05/17/24 Page 5 of 9

Main Case No. 23-18448-PDR
**Adversary Proceeding
Case No.**
Complaint
Page 5 of 9

transfer, or otherwise made use of the LLC's intellectual property including but not limited to "deborahlippmann.com" and the trade name "Deborah Lippmann".

27. Defendant now appears to deny any current or previous ownership interest in the LLC.

28. The Defendant, and Severin, now purport to be employed by Specialty Cosmetics and Polish LLC ("Specialty" a Wyoming domestic limited liability company). Specialty appears to be in the same business as the LLC used to be in.

29. Both the Defendant and Severin deny any ownership interest in Specialty.

## AS AND FOR THE FIRST CAUSE OF ACTION
### (Damages under Guaranty)

30. Plaintiff repeats and realleges the allegations of paragraphs 1 through 29, above.

31. Defendant is liable to the Plaintiff on account of her signed Guaranty of the Loan and the Debt in an amount to be determined at trial.

## AS AND FOR THE SECOND CAUSE OF ACTION
### (Damages for Fraud)

32. Plaintiff repeats and realleges the allegations of paragraphs 1 through 31, above.

33. To the extent that the LLC financials provided to the Bank and/or to Serene were provided by the Defendant and were false, Defendant is liable to the Plaintiff for all damage suffered as a result of said fraud.

Main Case No. 23-18448-PDR
**Adversary Proceeding
Case No.**
Complaint
Page 6 of 9

### AS AND FOR THE THIRD CAUSE OF ACTION
### (Damages For Embezzlement, And Larceny)

34. Plaintiff repeats and realleges the allegations of paragraphs 1 through 33, above as if fully set forth.

35. Alternatively and conjunctively to the Second Cause of Action, above, to the extent that the LLC financials provided to the Bank and/or Serene were true (or largely true), Defendant is liable to the Plaintiff on account of her conversion and theft of the LLC's assets, including – without limitation – its inventory, accounts receivable, and "all general intangibles , including but not limited to all intellectual property which may include, but is not limited to "deborahlippmann.com and the trade name "Deborah Lippmann".

### AS AND FOR THE FOURTH CAUSE OF ACTION
### (Damages For Willful And Malicious Injury)

36. Plaintiff repeats and realleges the allegations of paragraphs 1 through 35, above as if fully set forth.

37. Defendant is liable to the Plaintiff on account of her intentional, malicious and willful (brazen, even) conversion and theft of the LLC's assets, including – without limitation – its inventory, accounts receivable, and "all general intangibles, including but not limited to all intellectual property which may include, but is not limited to "deborahlippmann.com and the trade name "Deborah Lippmann".

### AS AND FOR THE FIFTH CAUSE OF ACTION
**(Nondischargeability pursuant to Sec. 523(a)(2) as to Guaranty)**

38. Plaintiff repeats and realleges the allegations of paragraphs 1 through 37, above as if fully set forth.

39. If and to the extent that the Defendant participated in the preparation of fraudulent financials for the LLC, her liability under her Guaranty is not dischargeable pursuant to 11. U.S.C. 523(a)(2).

### AS AND FOR THE SIXTH CAUSE OF ACTION
**(Nondischargeability pursuant to Sec. 523(a)(2) as to Fraud)**

40. Plaintiff repeats and realleges the allegations of paragraphs 1 through 39, above as if fully set forth.

41. Defendant's liability for the fraud, embezzlement and larceny pleaded in the Third Cause of action, above, is not dischargeable pursuant to 11. U.S.C. 523(a)(2).

### AS AND FOR THE SEVENTH CAUSE OF ACTION
**(Nondischargeability pursuant to Sec. 523(a)(4) as to Embezzlement and Larceny)**

42. Plaintiff repeats and realleges the allegations of paragraphs 1 through 41, above as if fully set forth.

43. Defendant's liability for the fraud, embezzlement and larceny pleaded in the Third Cause of action, above, is not dischargeable pursuant to 11. U.S.C. 523(a)(4).

### AS AND FOR THE EIGHTH CAUSE OF ACTION
**(Nondischargeability pursuant to Sec. 523(a)(6) as to Malicious and Willful)**

44. Plaintiff repeats and realleges the allegations of paragraphs 1 through 43, above as if fully set forth.

45. Defendant's liability for the fraud, embezzlement and larceny pleaded in the Third Cause of action, above, is not dischargeable pursuant to 11. U.S.C. 523(a)(6).

**WHEREFORE**, Plaintiff is entitled to the following:

A. On its First Cause of Action for breach of the Guaranty, Plaintiff's claim against Defendant should be allowed in an amount to be determined at trial, but believed to be in excess of $1.7 Million, plus legal fees and disbursements;

B. On its Second Cause of Action for Fraud, Plaintiff's claim against Defendant should be allowed in an amount to be determined at trial, but believed to be in excess of $1.7 Million, plus legal fees and disbursements;

C. On its Third Cause of Action for fraud, embezzlement and larceny, Plaintiff's claim against Defendant should be allowed in an amount to be determined at trial, but believed to be in excess of $1.7 Million, plus legal fees and disbursements;

D. On its Fourth Cause of Action for willful and malicious injury, Plaintiff's claim against Defendant should be allowed in an amount to be determined at trial, but believed to be in excess of $1.7 Million, plus legal fees and disbursements;

E. On its Fifth Cause of Action for relating to the Guaranty, Plaintiff claim against Defendant should declared nondischargeable pursuant to 11 U.S.C. 523(a)(2).

F. On its Sixth Cause of Action for Fraud, Plaintiff's claim against Defendant should declared nondischargeable pursuant to 11 U.S.C. 523(a)(2).

G. On its Seventh Cause of Action for fraud, embezzlement and larceny, Plaintiff's claim against Defendant should declared nondischargeable pursuant to 11

Main Case No. 23-18448-PDR<br>
**Adversary Proceeding**<br>
**Case No.**<br>
Complaint<br>
Page 9 of 9

U.S.C. 523(a)(4).

  H. On its Eighth Cause of Action for willful and malicious injury to the property of the Plaintiff, Plaintiff's claim against Defendant should declared nondischargeable pursuant to 11 U.S.C. 523(a)(6).

  I. Awarding Plaintiff its attorneys' fees and costs in this action.

  J. Awarding Plaintiff such other and further relief as the Court deems to be just, proper and equitable.

**DATED**: May 17, 2024

          /s/ David R. Softness
          David R. Softness, Esq.
          (FBN: 513229)
          **DAVID R. SOFTNESS P.A.**
          201 South Biscayne Boulevard
          Suite 2740
          Miami, FL 33131
          Tel:  305-804-3665
          Email: david@softnesslaw.com

          *Counsel for Serene*